Per Curiam.

Even though the floor of the passageway was being washed or had just been washed when the plaintiff fell, in view of the fact that this passageway was the only means by which the plaintiff could reach the Brooklyn Bridge station, the plaintiff’s proof was sufficient to call on the defendant to show whether the time and manner of the washing were, in the circumstances, appropriate and reasonable. It was, therefore, error to dismiss the complaint at the end of the plaintiff’s case. We do not regard Curtiss v. Lehigh Valley R. R. Co. (233 N. Y. 554) as laying down a rule of nonliability of universal application to railroads, regardless of the surrounding circumstances. (Wakeman v. New York, New Haven & Hartford R. R. Co., 272 N. Y. 625.)
The judgment should lie reversed and new trial ordered, with costs to appellant to abide the event.
Hoestadteb and Tilzeb, JJ., concur; Aurelio, J., dissents.
Judgment reversed, etc.